UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JEREMIAH WHITE, DEJA DENNIS
AND ROSETTA WHITE

CIVIL ACTION

VERSUS

NO. 17-441-JWD-EWD

GREGORY L. COBB AND
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

# NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 14, 2017.

	*[signature]*

	**ERIN WILDER-DOOMES**
	**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JEREMIAH WHITE, DEJA DENNIS
AND ROSETTA WHITE

CIVIL ACTION

VERSUS

NO. 17-441-JWD-EWD

GREGORY L. COBB AND
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

## **REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand[1] filed by plaintiff, Jeremiah White ("Mr. White"). Defendant, State Farm Mutual Automobile Insurance Company ("State Farm") has filed an opposition.[2] For the reasons set forth herein, the undersigned RECOMMENDS[3] that the Motion to Remand be GRANTED and that this suit be remanded to 23rd Judicial District Court for the State of Louisiana.

### I.  Background

Plaintiffs, Mr. White, Rosetta White, and Deja Dennis (collectively, "Plaintiffs")[4] filed a Petition for Damages (the "Petition") against the individual defendant, Gregory Cobb ("Cobb") and State Farm in state court for damages allegedly resulting from a May 2, 2017 motor vehicle

---

[1] R. Doc. 10.

[2] R. Doc. 13.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[4] In addition to Mr. White, the state court petition names Rosetta White and Deja Dennis as plaintiffs. On August 10, 2017, original counsel for the three plaintiffs filed a Motion to Withdraw, which was granted on August 11, 2017. R. Docs. 9 & 10. Per the Motion to Withdraw, "plaintiffs" stated they "would like to substitute a new counsel of record, the Law Office of Gordan McKernan…." R. Doc. 9, ¶ 2. On the same day the Motion to Withdraw was filed, the Motion to Remand was filed by counsel associated with the Gordon McKernan law firm. R. Doc. 10. However, it appears that the Motion to Remand was only filed on behalf of Mr. White. *See*, R. Doc. 10, p. 1 ("Petitioner, JEREMIAH WHITE, respectfully moves this Honorable Court for an Order remanding the captioned matter…."). Based on the filings thus far, current counsel for Mr. White has not appeared on behalf of Rosetta White or Deja Dennis.

accident.⁵ Plaintiffs allege that Mr. White (as the driver) and Dennis (as the passenger) were traveling east bound on LA 70 when Cobb, who was traveling west bound on the same road, "suddenly started to cross the center line making contact with the rear driver side" of the vehicle driven by Mr. White.⁶ Plaintiffs contend that the May 2, 2017 accident was caused solely by Cobb's negligence and fault, and allege, *inter alia*, that Cobb was "[d]riving while intoxicated."⁷ As a result of the accident, Mr. White and Dennis seek damages for: "(a) Past, present and future pain and suffering; (b) Past, present and future medical expenses; (c) Humiliation and embarrassment; (d) Inconvenience; (e) Loss of enjoyment of life; and (f) Any and all damages that can be proven at trial in this matter."⁸ Additionally, Mr. White and Ms. White seek damages for "(a) Property Damage; (b) Loss of use of vehicle; and (c) Any and all damages that can be proven at trial of this matter."⁹ Plaintiffs subsequently amended their Petition to ask for punitive damages based on Cobb's alleged intoxication.¹⁰

---

⁵ R. Doc. 1-2.

⁶ R. Doc. 1-2, ¶ 3.

⁷ R. Doc. 1-2, ¶ 4(e).

⁸ R. Doc. 1-2, ¶¶ 5 & 6.

⁹ R. Doc. 1-2, ¶ 7.

¹⁰ *See*, R. Doc. 7-1 ("Defendant, Gregory Cobb at the time of the accident was intoxicated and plaintiffs hereby ask for punitive damages as a result as allowed by R.S. 2315.1 et al."). As the amended petition was filed in state court on June 29, 2017 and State Farm did not remove this suit until July 10, 2017, it is unclear why the amended petition was not included as part of State Farm's removal. *See*, 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.").

The matter was removed by State Farm on July 10, 2017 pursuant to 28 U.S.C. §1332.[11] On August 10, 2017, Mr. White filed the instant Motion to Remand.[12] Therein, Mr. White asserts that this court should remand this action because State Farm has "not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000."[13] Additionally, Mr. White asserts that the Notice of Removal was (1) untimely because it was filed more than thirty days following service of the Petition on State Farm's agent for service of process and (2) procedurally defective because Cobb failed to join in the Notice of Removal or timely file a written consent to the removal.[14]

## II. Law and Analysis

### A. Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original

---

[11] R. Doc. 1. Per the Substitute Notice of Removal, State Farm alleges that plaintiffs, Jeremiah White, Rosetta White ("Ms. White"), and Deja Dennis ("Dennis") are domiciled in Louisiana. R. Doc. 1, ¶ 3. State Farm alleges that it is an "Illinois insurance company formed under the laws of the State of Illinois, with its home office and principal place of business being located in Bloomington, McLean County, Illinois." R. Doc. 1, ¶ 4. State Farm further alleges that the individual defendant, Gregory Cobb, is a citizen and domiciliary of Texas. R. Doc. 1, ¶ 5. Accordingly, it appears that the parties to this action are completely diverse.

[12] R. Doc. 10.

[13] R. Doc. 10, ¶ 1.

[14] R. Doc. 10, ¶¶ 2-3. Mr. White also argues that State Farm failed to timely file a Motion to Substitute the original Notice of Removal with a Notice adequately setting forth the citizenship of the parties and failed to file a memorandum and supporting evidence concerning the amount in controversy as previously ordered by this court. On July 12, 2017, the undersigned ordered State Farm to file a Motion to Substitute the Notice of Removal with a Notice that specifically set forth the domiciles of Plaintiffs and Cobb by July 19, 2017. R. Doc. 2. Additionally, the undersigned ordered State Farm to submit a memorandum and supporting evidence regarding the amount in controversy by July 24, 2017. R. Doc. 2. On July 24, 2017, State Farm sought leave to file a Substitute Notice of Removal. R. Doc. 4. State Farm was granted leave to file the Substitute Notice of Removal outside of the July 12, 2017 deadline. R. Doc. 5. On August 3, 2017, the undersigned ordered State Farm to show cause as to why it failed to timely file its memorandum and supporting evidence regarding subject matter jurisdiction. R. Doc. 6. In lieu of appearing, State Farm was granted until August 10, 2017 to file the required memorandum and evidence. R. Doc. 6. On August 8, 2017, State Farm filed a Memorandum in Support that the Amount in Controversy is Met. R. Doc. 7. Mr. White's assertion that State Farm failed to timely file the Motion to Substitute the Notice of Removal, while true, does not provide a basis to remand this matter. *See*, 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). Mr. White's assertion that State Farm failed to file the required memorandum and supporting evidence regarding the amount in controversy is belied by the record and does not require remand.

jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c).

### B. State Farm's Removal Was Timely

Mr. White argues that State Farm's removal was untimely because the Notice of Removal was filed more than thirty days after service of the initial petition on State Farm's registered agent. The time limits for filing a notice of removal are provided in the removal procedure rules of 28 U.S.C. § 1446. 28 U.S.C. § 1446(b)(1) provides:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

With respect to the thirty day period which is triggered from the defendant's receipt of the initial pleading, as provided in 28 U.S.C. § 1446(b)(1), the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading 'affirmatively reveals on its face that the plaintiff is seeking damages in excess of the

5

minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir.2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir.1992)). Pursuant to *Chapman*, if a plaintiff wants the thirty day period to run from the defendant's receipt of the initial pleading, a plaintiff should place in that pleading "a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman*, 969 F.2d at 163. It is undisputed that Plaintiffs' initial pleading does not contain a specific allegation that damages are in excess of the federal jurisdictional amount. Accordingly, the thirty day period for removing the action was not triggered by service of the initial pleading. *See*, *Vatter v. Walker*, Civil Action No. 17-171, 2017 WL 3498868, at * 3 (M.D. La. July 10, 2017) ("It is undisputed that the initial pleading in this action does not contain a specific allegation that damages are in excess of the federal jurisdictional amount. Accordingly, the 30-day period for removing the action was not triggered by service of the initial pleading."). As such, State Farm's thirty day time period for removing this action was not triggered by service of the initial pleading and State Farm's removal was not untimely.[15]

### C. Defendant Cobb Was Not Required to Join In or Consent To Removal

Mr. White also argues that this matter should be remanded because "Defendant Gregory Cobb failed to join in the notice of removal or file a written consent to removal with this court within the federal time delays."[16] Specifically, Mr. White asserts that Cobb "was properly served

---

[15] Mr. White's timeliness argument is based on service on State Farm through its registered agent. R. Doc. 10-1, p. 6, n. 4. This court has previously held that service upon a defendant's registered agent does not trigger the thirty day removal period. *See*, *Gordon v. Bancorpsouth Ins. Services, Inc.*, Civil Action No. 16-724, 2017 WL 2222384, at * 4 (M.D. La. March 29, 2017) (finding service on defendant's registered agent did not trigger thirty day removal period and explaining "this court finds no reason to depart from the well-established rule that the thirty day time period for removal does not begin to run until a defendant is actually supplied with a plaintiff's initial state court petition.") (*citing First Choice Surgery Center of Baton Rouge, LLC v. United Healthcare Services, Inc.*, Civil Action No. 12-CV-0065, 2012 WL 3109483, at * 3 (M.D. La. July 30, 2012)).

[16] R. Doc. 10, ¶ 3.

6

in accordance with the Louisiana Long Arm Statute…on July 12, 2017" and that "[t]hirty days have expired since Gregory L. Cobb was served and defendant Gregory Cobb failed to provide written consent for removal within the time delays provided by the Federal Rules. Defendant Gregory Cobb further failed to join in the removal of this matter."[17] State Farm's opposition to the Motion to Remand does not address whether Cobb was required to join in the removal or file a written consent.

Pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." As this court recently explained,

> The "rule of unanimity" has been codified in 28 U.S.C. § 1446. *See*, *Penson Fin. Servs., Inc. v. Golden Summit Investors Grp., Ltd.*, No. 12-300, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court." 28 U.S.C. § 1446(b)(2)(A). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

*Baxter v. Anderson*, Civil Action No. 16-142, 2016 WL 3748720, at * 3 (M.D. La. June 21, 2016).

In his Motion to Remand, Mr. White recognizes that "[t]he 'Rule of Unanimity' requires that all *then-served* defendants join in the other defendants [sic] notice of removal or timely file a written consent to the removal."[18] While recognizing this rule, Mr. White also asserts that Cobb was served on July 12, 2017, *i.e.*, two days *after* the filing of the July 10, 2017 Notice of Removal. Assuming that proper service on Cobb occurred on the date asserted by Mr. White, Cobb was not

---

[17] R. Doc. 10-1, p. 7.

[18] R. Doc. 10-1, p. 7. Emphasis added.

properly joined and served at the time of removal. As such, State Farm did not have to obtain Cobb's consent to removal. *See*, *Joseph v. USA Truck, Inc.*, Civil Action No. 17-242, 2017 WL 3687661, at * 4 (M.D. La. June 28, 2017) (concluding that because defendant was not properly served "at the time of removal," the removing defendant did not have to obtain his consent and "removal was procedurally proper pursuant to 28 U.S.C. § 1446."); *Baxter*, 2016 WL 3748720, at * 5 (finding that defendant was not properly served until 14 minutes after the filing of the Notice of Removal and therefore "at the time of removal, Mr. Anderson was not a 'properly joined and served' defendant and did not have to 'join in or consent to the removal of the action.'") (citing 28 U.S.C. § 1446(b)(2)(A)).

### D. State Farm Has Not Established By A Preponderance of the Evidence That the Amount In Controversy Requirement of 28 U.S.C. § 1332 Is Met

Finally, Mr. White argues that remand is proper because State Farm has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.[19] In support of remand, Mr. White asserts that "[m]edical records received to date indicate that Mr. White has presented to the chiropractor on two occasions since the subject crash. Medical billing obtained…evidences medical specials in the amount of $735.00 as of July 12, 2017."[20] In opposition, State Farm argues that the damages sought via the Petition indicate that the amount in controversy is met, and specifically point out that Mr. White is seeking an award of punitive damages.[21]

---

[19] R. Doc. 10, ¶ 1.

[20] R. Doc. 10-1, p. 6.

[21] *See*, R. Doc. 13, pp. 7-8 ("Based on the allegations contained in the Petition for Damages, and a common sense reading of those allegations, coupled with Louisiana law concerning exemplary damages, it is clear that the defendants have not met the threshold for showing that federal jurisdiction applies…."). Additionally, State Farm argues that "plaintiff has not stipulated that the amount in controversy does not exceed $75,000.00, nor has the plaintiff attempted to limit any of his claims in either his original Petition, the First Supplement [sic] and Amending Petition, nor has he limited his claim in any subsequent filing." R. Doc. 13, p. 7. To the extent State Farm is arguing that Mr. White failed to execute a stipulation that his damages were less that the jurisdictional threshold, State Farm has presented no

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice…does not permit demand for a specific sum…[removal] is proper if the district courts finds, by preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). "In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists." *Morton v. State Farm Ins. Co.*, CA No. 08-208, 250 F.R.D. 273, 274 (E.D. La. Feb. 28, 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)). The removing party may make this showing by either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett*, 171 at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 73 F.3d 1326, 1335 (5th Cir. 1995)).

In the Petition, and in addition to unspecified property damage, Plaintiffs seek damages for: (1) past, present, and future pain and suffering; (2) past, present, and future medical expenses; (3) humiliation and embarrassment; (4) inconvenience; and (5) loss of enjoyment of life.[22] This court previously found that it is not facially apparent from the Petition that the amount in controversy exceeds $75,000.[23] *See also*, *Davis v. JK & Twigs, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), report and recommendation adopted 2012 WL 278685

---

evidence indicating that such stipulation was presented to Mr. White in the first instance. Moreover, this court has previously explained that the failure to execute a stipulation is but one factor for the court to consider in its amount in controversy analysis. *See*, *Cole v. Mesilla Valley Transportation*, Civil Action No. 16-841, 2017 WL 1682561, at * 5 (M.D. La. March 14, 2017).

[22] R. Doc. 1-2, ¶¶ 5-6.

[23] R. Doc. 2, p. 2 ("it is not apparent from the face of Plaintiff's Petition for Damages that the claims are likely to exceed $75,000.00.").

(M.D. La. Jan. 31, 2012) ("Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."); *Dunomes v. Trinity Marine Products Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) ("When . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that is was not 'facially apparent' that the amount of damages would exceed $75,000.'") (quoting *Broadway v. Wal-Mart Stores*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

Despite the invitation to submit supporting evidence,[24] State Farm failed to attach any medical bills to either its initial memorandum in support of the amount in controversy or in opposition to the instant Motion to Remand, and does not contest Mr. White's assertion that he has amassed $735.00 in medical specials.[25] Instead, State Farm relies on the fact that Plaintiffs seek damages for "future medical expenses" and that Plaintiffs allege they have suffered ongoing damages from the date of the accident more than one year ago.[26] Without more, State Farm's reliance on a claim for "future medical expenses," where such medical expenses since the accident

---

[24] *See*, R. Doc. 2.

[25] In support of his Motion to Remand, Mr. White submitted medical billing from Total Care Injury & Pain Centers showing charges totaling $735.00 for treatment spanning May 5, 2017 (*i.e.*, three days following the alleged accident) through July 12, 2017. R. Doc. 10-2.

[26] R. Doc. 7, p. 4. Both Mr. White and State Farm focus on the amount of Mr. White's damages, and no party has presented any evidence regarding the possible damages sought by Deja Dennis or Rosetta White. In its previously filed Memorandum in Support that the Amount in Controversy is Met, State Farm asserted, without explanation or analysis of the effect of such statement on the amount in controversy, that "the defense is aware of the possibility that Deja Dennis was pregnant at the time of the accident." R. Doc. 7, p. 4. State Farm's opposition to the Motion to Remand does not further address this statement, and the undersigned does not know how that statement is intended to factor into a determination of whether the jurisdictional threshold is met herein.

10

have apparently totaled less than $1,000.00, does not establish by a preponderance of the evidence that the amount in controversy is likely to exceed $75,000.00.[27]

Finally, State Farm relies on Plaintiffs' amended petition, wherein Plaintiffs explicitly asserted a claim for punitive damages based on Cobb's alleged intoxication at the time of the accident. An award of such damages pursuant to Louisiana Civil Code article 2315.4 requires proof: (1) that the defendant was intoxicated or had consumed a sufficient quantity of intoxicants to make him lose normal control of his mental and physical faculties; (2) that the intoxication was a cause-in-fact of the resulting injuries; and (3) that the injuries were caused by the defendant's wanton or reckless disregard for the rights and safety of others. *Lafauci v. Jenkins*, 2001-2960, 844 So. 2d 19, 25 (La. App. 1 Cir. Jan. 15, 2003). The decision to award exemplary damages under article 2315.4 lies with the trier of fact. *Khaled v. Windham*, No. 94 CA 2171, 657 So. 2d 672, 681 (La. App. 1 Cir. June 23, 1995).

State Farm recognizes that the determination of any award pursuant to article 2315.4 is an "intensely fact-sensitive undertaking"[28] and that the finder of fact "must consider not merely the act, but all of the circumstances surrounding it, including the extent of harm or potential harm caused by the defendant's misconduct, whether the defendant acted in good faith, whether the misconduct was an individual instance or part of a broader pattern, whether the defendant behaved recklessly or maliciously, and even, in appropriate circumstances, the wealth of the defendant." *Mosing*, 830 So.2d at 974. In support of its position that the claim for punitive or exemplary

---

[27] Presumably, State Farm is the insurer for one of the parties involved in the accident. Despite the opportunity to submit evidence in support of amount in controversy, State Farm did not provide the court with information regarding the amount of the insurance policy at issue which would be a factor considered by the court in determining whether the amount in controversy is met. *See*, *Henderson v. Allstate Fire and Casualty Ins. Co.*, Civil Action No. 15-4452, 154 F.Supp.3d 428, 431 (E.D. La. Dec. 22, 2015) (where plaintiff seeks recovery for payments under an insurance policy, the amount in controversy is governed by the lesser of the value of the claim under the policy or the policy limit).

[28] R. Doc. 13, p. 5 (quoting *Mosing v. Domas*, 2002-0012, 830 So.2d 967, 974 (La. Oct. 15, 2002)).

damages supports a finding that the amount in controversy requirement is met, State Farm relies on *Mosing*, wherein the Louisiana Supreme Court affirmed an award of $500,000.00 in exemplary damages against an intoxicated driver – nine times the amount of compensatory damages awarded. *Id*. at 970. Although the facts of *Mosing* illustrate that punitive damage awards can be large, "merely citing an extreme case with an award of stratospheric damages does not satisfy defendants' burden of proving by a preponderance of the evidence that the actual amount in controversy exceeds $75,000." *Butler v. Carolina Nat. Transp. Co.*, No. CIV.A. 00-3095, 2001 WL 111191, at *2 (E.D. La. Feb. 8, 2001). Significantly, even State Farm recognizes that "*Mosing* involved some very egregious acts by the defendant, none of which would apply to this case…."[29] *See also*, *Mosing*, 830 So.2d at 982 ("Our decision today should not be construed as a broad grant of authority to impose large exemplary damage awards against individuals who drink and drive."). Save for the allegation of intoxication in the Petition, State Farm has provided no additional facts that would enable any analysis of Cobb's conduct, and a review of Louisiana jurisprudence indicates that punitive damage awards are not always astronomical. *See*, *e.g.*, *Hill v. Sampson*, 24787-CA, 628 So.2d 81 (La. App. 2 Cir. Nov. 5, 1993) (affirming general damage award of $3,000, $2,279.26 in special medical damages, and $3,000 in punitive damages); *Lafauci v. Jenkins*, 2001-2960, 844 So.2d 19, 24-26 (La. App. 1 Cir. Jan. 15, 2003) (affirming award of $22,500 in exemplary damages pursuant to La. C.C. art. 2315.4, $35,000 in general damages for physical injuries, and $2,500 for plaintiff's "temporary phobia".); *Medice v. Ruiz*, 2002-CA-0894, 841 So.2d 842 (La. App. 4 Cir. Feb. 5, 2003) ($5,500 in general damages, $2,200 in medical

---

[29] R. Doc. 13, p. 6. In *Mosing*, defendant had been cited for multiple DWI's for which his driver's license had been suspended and he had a history of attempting to flee accident scenes. Not only was defendant a "shockingly unrepentant recidivist drunk driver," 830 So.2d at 981, the accident occurred when, while attempting to flee from a previous motor vehicle accident he had caused, defendant drove at a high rate of speed through a residential neighborhood and, after striking plaintiff's vehicle, fled the scene on foot. 830 So.2d at 979-981.

expenses, and $12,500 in exemplary damages); *Brossett v. Howard*, 08-535, 998 So.2d 916 (La. App. 3 Cir. Dec. 10, 2008) (affirming denial of exemplary damages in wrongful death case based on plaintiff's remorsefulness). Accordingly, State Farm has not met its burden of proving by a preponderance of the evidence that the claims likely exceed $75,000 and the undersigned therefore **RECOMMENDS** that the Motion to Remand be **GRANTED**.

### III. Conclusion

For the reasons set forth herein, the undersigned **RECOMMENDS** that the Motion to Remand[30] be **GRANTED** and that this matter be remanded to the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana.

Signed in Baton Rouge, Louisiana, on November 14, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] R. Doc. 10.